Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| WALLY LÓPEZ BONILLA Y OTROS<br><br>Demandantes-Recurridos<br><br>v.<br><br>BETTER STRUCTURAL SOLUTIONS CORP.<br><br>Demandado-Peticionario<br><br><br>WANDY MARTÍNEZ<br><br>Co-demandada-Recurrida | TA2026CE00337 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Cabo Rojo<br><br><br>Caso Núm.: CB2024CV00606<br><br><br>Sobre: Incumplimiento de Contrato y Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 20 de marzo de 2026.

Comparece Better Structural Solutions Corp. (en adelante BSS o parte peticionaria) mediante un recurso de *certiorari*, para solicitarnos la revisión de la *Resolución* emitida el 13 de febrero de 2026, y notificada el 19 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante la *Resolución* recurrida, el foro de instancia declaró *No Ha Lugar* una solicitud de desestimación incoada por la parte peticionaria.

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *certiorari*, así como la solicitud para que se paralicen los procedimientos ante el foro de instancia.

I

El caso del título inició, el 29 de agosto de 2024, cuando Wally López Bonilla; su esposa Vivian Ruiz Acosta, y la sociedad legal de gananciales compuesta por ambos (en adelante, parte recurrida)

interpuso una *Demanda* sobre incumplimiento de contrato y cobro de dinero contra la parte peticionaria y Wandy Martínez.[1]

Presentada la misma, el 5 de septiembre de 2024, la Secretaria del Tribunal del foro de instancia emitió una Notificación,[2] para que, conforme a la Regla 21 de las Reglas de Administración del Tribunal de Primera Instancia y la Regla 9.1 de Procedimiento Civil, se proveyera la dirección física de la parte a la cual representaba.[3]

De ahí, el 8 de septiembre de 2024, la parte recurrida incoó una *Moción en solicitud de enmienda a las alegaciones*.[4] Adujo que para cumplir con las Reglas del Tribunal de Primera Instancia era necesario enmendar el pliego para aclarar de forma general la primera alegación, entiéndase, informar su dirección física, tal cual fue requerido.

Luego, mediante *Resolución y Orden* emitida y notificada el 10 de septiembre de 2024, el foro *a quo* autorizó enmendar la demanda a esos fines.[5]

De lo que sigue, el 11 de septiembre de 2024, la parte recurrida presentó la *Demanda enmendada*.[6] En esencia, se mantuvieron las mimas alegaciones de la *Demanda* original. Únicamente, se enmendó la alegación primera a los fines de aclarar la dirección física de la parte recurrida, según requerido por la Secretaria de la primera instancia judicial.

Dos (2) días más tarde, el 13 de septiembre de 2024, el tribunal de instancia expidió los emplazamientos personales para BSS y Wandy Martínez.[7]

---

[1] SUMAC TPI, a la Entrada Núm. 1.
[2] *Íd.*, a la Entrada Núm. 3
[3] 4 LPRA. Ap. II-B, R. 21; 32 LPRA Ap. V, 9.1.
[4] SUMAC TPI, a la Entrada Núm. 4.
[5] *Íd.*, a la Entrada Núm. 5.
[6] *Íd.*, a la Entrada Núm. 9.
[7] *Íd.*, a las Entradas Núm. 13 y 14.

El emplazamiento dirigido a BSS fue diligenciado el 14 de octubre de 2024, mientras que el dirigido a como el dirigido a Wandy Martínez fue diligenciado el 16 de octubre de 2024, respectivamente.[8]

Así las cosas, el 14 de noviembre de 2024, BSS compareció mediante *Moción asumiendo representación legal y en solicitud de término de 45 días para hacer alegaciones*.[9] En síntesis, solicitó término para revisar las alegaciones y documentos de forma tal que pudiese hacer las alegaciones responsivas correspondientes al caso. De otro lado, el 15 de noviembre de 2024, compareció Wandy Martínez mediante *Urgente moción asumiendo representación legal y en solicitud de término adicional*.[10] Solicitó un término para poder responder las alegaciones o presentar el escrito que entendiera procedente.

Días más tarde, el 18 de noviembre de 2024, compareció la representación legal de la parte peticionaria BSS para notificar un asunto médico, con la finalidad de que cualquier señalamiento o término a conceder se hiciera tomando en consideración su situación.[11]

Mediante dos (2) *Resoluciones* emitidas el 18 de noviembre de 2024 y notificadas el 20, del mismo mes y año, el tribunal de instancia concedió, respectivamente a Wandy Martínez y a BSS, un término de treinta (30) días para contestar la demanda y/o realizar alegaciones responsivas.[12]

Tal cual ocurrió con la parte recurrida, cuando presentó la *Demanda*, mediante notificación emitida por la Secretaria del Tribunal del foro de instancia, requirió a BSS a someter la dirección

---

[8] SUMAC TPI, a la Entrada Núm. 15, Anejo 1.
[9] *Íd.,* a la Entrada Núm. 17.
[10] *Íd.,* a la Entrada Núm. 18.
[11] *Íd.,* a la Entrada Núm. 19.
[12] *Íd.,* a las Entradas Núm. 20 y 21.

física, dirección postal, teléfono y correo electrónico de BSS.[13] En cumplimiento, el 21 de noviembre de 2024, BSS presentó escrito para informar lo requerido.[14]

Luego, el 16 de diciembre de 2024, Wandy Martínez interpuso una *Moción en solicitud de orden y breve término adicional para presentar alegación responsiva o moción dispositiva*.[15] Alegó que al presentarse la demanda enmendada no se incluyeron los anejos, por lo que debía ordenarse a la parte recurrida que cargara la demanda junto a los anejos a los que hacía referencia y que se les concediera un término adicional, a partir de dicha gestión, para presentar su alegación responsiva o moción dispositiva.

En respuesta, mediante *Resolución* emitida y notificada el 18 de diciembre de 2024, el foro de instancia concedió el remedio solicitado.[16]

En cumplimiento con lo ordenado, ese mismo 18 de diciembre, la parte recurrida presentó una *Moción en cumplimiento de orden*.[17] Resumió los incidentes procesales relacionados a la presentación de la demanda y el cumplimiento con lo requerido por la Secretaria del Tribunal. Puntualizó que la enmienda realizada mediante la *Demanda enmendada* fue para aclarar la información de la parte recurrida y no alteraba las alegaciones que pudiesen estar en controversia. Esbozó que los documentos se encontraban en el expediente judicial en el SUMAC del tribunal de instancia, pero, en cumplimiento, los sometieron nuevamente.

Mediante *Resolución*, emitida el 19 de diciembre de 2024, notificada al día siguiente, el tribunal de instancia tomó conocimiento de lo informado.[18]

---

[13] SUMAC TPI, a la Entrada Núm. 23.
[14] *Íd.*, a la Entrada Núm. 24.
[15] *Íd.*, a la Entrada Núm. 26.
[16] *Íd.*, a la Entrada Núm. 27.
[17] *Íd.*, a la Entrada Núm. 28.
[18] *Íd.*, a la Entrada Núm. 29.

Entonces, el 26 de diciembre de 2024, Wandy Martínez presentó una *Moción en solicitud de desestimación por falta de causa de acción que justifique la concesión de un remedio y falta de jurisdicción.*[19]

Al día siguiente, BSS interpuso una M*oción solicitando la desestimación de la presente acción por falta de jurisdicción, y por falta de causa de acción que justifique la concesión de un remedio.* Esbozó que la demanda de autos fue presentada el 29 de agosto de 2024, y que el 11 de septiembre de 2024, se presentó una demanda enmendada. Alegó que fue emplazada el 19 de octubre de 2024. Por otro lado, se unió al pedimento de Wandy Martínez en específico en lo relacionado a la Ley Núm.146 y la jurisdicción del Departamento de Asuntos del Consumidor (DACo). Arguyó que la parte recurrida no tenía causa de acción contra esta parte. En reacción, el 20 y 30 de enero de 2025, la parte recurrida interpuso sus escritos en oposición.[20]

Así las cosas, mediante *Resolución*, emitida el 10 de marzo de 2025, notificada el 12 de marzo de 2025, el tribunal de instancia declaró *No Ha Lugar* ambas solicitudes de desestimación y ordenó la continuación de los procedimientos.[21]

De ahí, mediante escrito presentado el 7 de abril de 2025, Wandy Martínez solicitó una prórroga para presentar su contestación a demanda.[22] En respuesta, mediante *Resolución* notificada el 8 de abril de 2025, el foro *a quo* le concedió hasta el 7 de mayo de 2025, según solicitado.[23]

En el interín, el 16 de abril de 2025, BSS presentó un escrito solicitando el traslado del caso.[24] Adujo que, conforme al

---

[19] SUMAC TPI, a la Entrada Núm. 30.
[20] *Íd.,* a las Entradas Núm. 34 y 35.
[21] *Íd.,* a la Entrada Núm. 38.
[22] *Íd.,* a la Entrada Núm. 39.
[23] *Íd.,* a la Entrada Núm. 40.
[24] *Íd.,* a la Entrada Núm. 41.

emplazamiento diligenciado a BSS en este caso, ocurrió en el municipio de Vega Baja, Puerto Rico. Esbozó que esta localidad se encontraba fuera de la competencia de la Sala de Mayagüez, por lo que el caso debía ser trasladado a la sala con competencia. A tenor, solicitó el traslado del caso a la región judicial de Bayamón. En respuesta, mediante *Orden*, notificada el 16 de abril de 2025, el foro de instancia requirió a la parte recurrida a exponer su posición en el término de diez (10) días.[25]

Semanas más tarde, el 5 de mayo de 2025, Wandy Martínez presentó su *Contestación a demanda* a la cual le incluyó una r*econvención y demanda contra coparte* contra BSS.[26]

Mediante *Resolución*, notificada el 6 de mayo de 2025, el tribunal *a quo* admitió la contestación a demanda y ordenó a la parte recurrida a presentar su contestación a reconvención.[27]

Entonces, el 7 de mayo de 2025, BSS interpuso otra *Moción solicitando orden de traslad*o.[28] Esbozó que la parte demandante no había establecido la competencia del tribunal y a tenor, el caso debía ser trasladado a la región judicial de Bayamón.

En el interín, el 12 de mayo de 2025, la parte recurrida presentó su *Moción Contestación a reconvención.*[29] Dicha contestación a reconvención fue admitida mediante *Resolución*, notificada el 14 de mayo de 2025.[30]

De ahí, el 20 de mayo de 2025, Wandy Martínez presentó una *Moción en solicitud se den admitidas las alegaciones de la reconvención en cuanto a los demandantes-reconvenidos por incumplimiento con la Regla 6.2 de Procedimiento Civil.*[31]

---

[25] SUMAC TPI, a la Entrada Núm. 42.
[26] *Íd.*, a la Entrada Núm. 44.
[27] *Íd.*, a la Entrada Núm. 45.
[28] *Íd.*, a la Entrada Núm. 46.
[29] *Íd.*, a la Entrada Núm. 47.
[30] *Íd.*, a la Entrada Núm. 48.
[31] *Íd.*, a la Entrada Núm. 49.

Con relación a la solicitud de traslado, mediante *Orden*, emitida el 9 de mayo de 2025, notificada el 22 del mismo mes y año, se autorizó el traslado a la región judicial de Bayamón.[32]

En desacuerdo, el 28 de mayo de 2025, la parte recurrida instó una *Moción de reconsideración*.[33]

Entre tanto, el 30 de mayo de 2025, la parte recurrida interpuso una *Moción a escrito sobre contestación a reconvención*.[34]

Luego, el 23 de junio de 2025, vuelta a radicar el 30 de junio de 2025, la parte recurrida presentó una *Moción en solicitud de anotación de rebeldía de demanda contra coparte*, entiéndase BSS.[35]

En reacción, el 28 de junio de 2026, BSS interpuso una *Moción asumiendo la co-representación legal del codemandado Better Structural Solutions Corp., en oposición a moción solicitando anotación en rebeldía (SUMAC NÚM. 54), y solicitando término para radicar solicitud de desestimación por falta de jurisdicción por razón de falta de emplazamiento conforme la Regla 4 de Procedimiento Civil*.[36] En esta ocasión, por conducto de un nuevo representante legal (el Lcdo. Luis A. Meléndez Albizu). Informó que se unía a la representación legal en este caso; alegó que BSS no había sido emplazado correctamente porque nunca fue emplazado en cuanto a la demanda enmendada, y solicitó término para presentar una solicitud de desestimación.

De lo que sigue conforme a los autos, mediante *Orden*, notificada el 30 de junio de 2025, el tribunal de instancia, región judicial de Bayamón, ordenó la devolución del caso a la región judicial de Mayagüez, tras juzgar que no procedía el traslado.[37]

---

[32] SUMAC TPI, a las Entradas Núm. 50 y 51.
[33] *Íd.*, a la Entrada Núm. 52.
[34] *Íd.*, a la Entrada Núm. 53.
[35] *Íd.*, a las Entradas Núm. 54 y 69.
[36] *Íd.*, a la Entrada Núm. 55.
[37] *Íd.*, a la Entrada Núm. 56.

Mientras tanto, el 7 de julio de 2025, la parte recurrida instó un petitorio para que no se concediera la desestimación por falta de jurisdicción y esbozó que BSS se había sometido voluntariamente a la jurisdicción del tribunal, por lo que se tenía jurisdicción sobre su persona.[38]

En lo relativo a la controversia sobre la solicitud de traslado, la cual, según adelantamos, fue denegada, el 15 de julio de 2025, BSS interpuso una solicitud de reconsideración.[39]

En respuesta, mediante *Resolución* emitida y notificada el 16 de julio de 2025, el tribunal de instancia la declaró *No Ha Lugar,* concluyendo, además, que la solicitud de traslado fue interpuesta fuera del término reglamentario y que BSS se sometió a litigar activamente ante el foro de instancia, sala de Mayagüez, sus posturas y defensas afirmativas. Destacó que, inclusive, BSS solicitó el traslado luego de que la sala de Mayagüez denegara su petitorio de desestimación.[40]

Subsiguientemente, el 12 de agosto de 2025, el tribunal de instancia emitió y notificó una *Orden* para que se presentara el informe de manejo de caso.[41]

En esa misma fecha, la parte recurrida presentó una *Moción reiterando solicitud de anotación de rebeldía de demanda contra copart*e, entiéndase BSS.[42] En reacción, el 13 de agosto de 2025, BSS instó su oposición y reiteró su solicitud para que se le concediera término para presentar otra solicitud de desestimación por falta de jurisdicción, por falta de emplazamiento.[43] De ahí, Wandy Martínez presentó una réplica.[44] Por su parte, BSS presentó una dúplica.[45]

---

[38] SUMAC TPI, a la Entrada Núm. 61.
[39] *Íd.*, a la Entrada Núm. 63.
[40] *Íd.*, a la Entrada Núm. 64.
[41] *Íd.*, a la Entrada Núm. 68.
[42] *Íd.*, a la Entrada Núm. 69.
[43] *Íd.*, a la Entrada Núm. 70.
[44] SUMAC TPI, a la Entrada Núm. 71.
[45] *Íd.*, a la Entrada Núm. 72.

Días más tarde, el 17 de agosto de 2025, BSS presentó una *Moción solicitando desestimación bajo la Regla 10.2(2) por falta de jurisdicción sobre la persona.*[46] Alegó que nunca fue emplazado en cuanto a la demanda enmendada y que dicho error no fue subsanado dentro de los ciento veinte (120) días dispuestos por la Regla 4.3 (c) de las de Procedimiento Civil.[47] Solicitó la desestimación de la causa de acción en su contra.

En lo relativo a la solicitud de anotación de rebeldía, mediante *Resolución* notificada el 8 de septiembre de 2025, el foro *a quo* declaró *No Ha Lugar* la misma y ordenó a BSS a presentar su alegación responsiva para lo cual concedió quince (15) días.[48] Por otro lado, en esa misma fecha notificó *Resolución* concediendo quince (15) días para que se presentara la oposición a la solicitud de desestimación.[49]

En cumplimiento con lo ordenado, el 9 de septiembre de 2025, Wandy Martínez presentó su oposición a solicitud de desestimación.[50] Por otro lado, el 15 de septiembre de 2025, la parte recurrida interpuso también su oposición a la solicitud de desestimación.[51] Empero, el 17 de septiembre de 2025, BSS solicitó autorización del tribunal de instancia para presentar tres (3) escritos adicionales,[52] lo cual fue autorizado.[53]

Entonces, el 19 de septiembre de 2025, BSS presentó: un escrito para solicitar la desestimación de la demanda contra coparte por falta de emplazamiento y jurisdicción sobre la persona; una moción eliminatoria y solicitando el desglose del escrito en oposición presentado por Wandy Martínez en el SUMAC TPI a la Entrada Núm. 70, y un escrito solicitando orden para evitar sumisión voluntaria y

---

[46] SUMAC TPI, a las Entradas Núm. 73 y 74.
[47] 32 LPRA Ap. V, 4.3.
[48] SUMAC TPI, a las Entradas Núm. 76 y 77.
[49] *Íd.*, a la Entrada Núm. 78.
[50] *Íd.*, a la Entrada Núm. 79.
[51] *Íd.*, a la Entrada Núm. 80.
[52] *Íd.*, a la Entrada Núm. 83.
[53] *Íd.*, a la Entrada Núm. 84.

renuncia forzada del argumento de falta de jurisdicción sobre la persona.[54]

Mediante *Orden*, notificada el 22 de septiembre de 2025, el foro *a quo* concedió término para que la parte recurrida y Wandy Martínez se expresaran en torno a la solicitud de desestimación;[55] declaró *No Ha Lugar* la moción eliminatoria y solicitud de desglose,[56] y declaró *Ha Lugar* la solicitud para dejar sin efecto orden sobre contestar la demanda enmendada y contestación de demanda contra coparte, reconvención y la presentación del informe de manejo de caso, hasta tanto se atendieran las solicitudes dispositivas.[57]

De lo que sigue, el 14 de octubre de 2025, Wandy Martínez presentó su oposición a solicitud de desestimación a la demanda contra coparte, en la cual solicitó, además, la imposición de honorarios por temeridad.[58]

Finalmente, el 13 de febrero de 2026, notificada el 19 de febrero de 2026, el tribunal de instancia emitió *Resolución* mediante la cual declaró *No Ha Lugar* la solicitud de desestimación bajo la Regla 10.2 (2) de las de Procedimiento Civil,[59] así como de la demanda contra coparte por falta de emplazamiento y falta de jurisdicción y ordenó la continuación de los procedimientos.[60] El foro *a quo* concluyó, en esencia, que había adquirido válidamente jurisdicción sobre la parte peticionaria. A tenor, no procedían sus ruegos.

En desacuerdo, el 6 de marzo de 2026, BSS presentó una solicitud de reconsideración.[61] Por su parte, el 9 de marzo de 2026,

---

[54] SUMAC TPI, a las Entradas Núm. 85, 86, 87 y 88.
[55] *Íd.*, a la Entrada Núm. 89.
[56] *Íd.*, a la Entrada Núm. 90.
[57] *Íd.*, a la Entrada Núm. 91.
[58] *Íd.*, a la Entrada Núm. 92.
[59] 32 LPRA Ap. V, 10.2.
[60] SUMAC TPI, a la Entrada Núm. 96.
[61] SUMAC TPI, a la Entrada Núm. 98.

la parte recurrida presentó su oposición.[62]  En la misma fecha, Wandy Martínez también presentó su oposición a la reconsideración.[63]

En respuesta, mediante *Resolución*, emitida y notificada el 9 de marzo de 2026, el tribunal de instancia declaró *No Ha Lugar* la solicitud de reconsideración.[64]

Inconforme aún, el 19 de marzo de 2026, BSS interpuso un recurso de *certiorari* en el cual esgrimió los siguientes dos (2) señalamientos de error:

A. ERRÓ EL TPI COMO CUESTI[Ó]N DE DERECHO Y ABUSÓ DE SU DISCRECIÓN, AL DENEGAR DESESTIMAR DE LA DEMANDA ENMENDADA AL CODEMANDADO BSSC POR FALTA DE JURISDICCIÓN SOBRE LA PERSONA, YA QUE BSSC NUNCA FUE EMPLAZADO CON LA DEMANDA ENMENDADA EN VIOLACIÓN DE LAS REGLAS 4 Y 67.1 Y EL TÉRMINO DE 120 DÍAS PARA SER EMPLAZADO YA EXPIRÓ, Y SUS ESCRITOS IMPUGNANDO LA COMPETENCIA, LA JURISDICCIÓN SOBRE LA MATERIA Y LA JURISDICCIÓN SOBRE LA PERSONA NO CONSTITUYEN UNA "SUMISIÓN VOLUNTARIA" A LA JURISDICCIÓN DEL TPI.

B. ERRÓ EL TPI COMO CUESTI[Ó]N DE DERECHO Y ABUSÓ DE SU DISCRECIÓN, AL DENEGAR DESESTIMAR DE LA DEMANDA CONTRA CO-PARTE AL CODEMANDADO BSSC POR FALTA DE JURISDICCIÓN SOBRE LA PERSONA, YA QUE BSSC NUNCA FUE EMPLAZADO CON LA DEMANDA CONTRA CO-PARTE EN VIOLACIÓN DE LAS REGLAS 4 Y 67.1 Y EL TÉRMINO DE 120 DÍAS PARA SER EMPLAZADO YA EXPIRÓ, Y SUS ESCRITOS IMPUGNANDO LA COMPETENCIA, LA JURISDICCIÓN SOBRE LA MATERIA Y LA JURISDICCIÓN SOBRE LA PERSONA NO CONSTITUYEN UNA "SUMISIÓN VOLUNTARIA" A LA JURISDICCIÓN DEL TPI.

En la misma fecha en que se presentó el recurso, la parte peticionaria interpuso una solicitud para que se paralizaran los procedimientos ante el foro de instancia.

Conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal tiene "la facultad de prescindir de términos no jurisdiccionales, escritos, notificaciones o

---

[62] SUMAC TPI, a la Entrada Núm. 100.
[63] *Íd.*, a la Entrada Núm. 101.
[64] *Íd.,* a la Entrada Núm. 103.

procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho".[65] En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso.

II

## A. Expedición del Recurso de *Certiorari*

Los recursos de *Certiorari* presentados ante el Tribunal de Apelaciones deben ser examinados en principio bajo la Regla 52.1 de las Reglas de Procedimiento Civil.[66] Esta Regla limita la autoridad y el alcance de la facultad revisora de este Tribunal mediante el recurso de *Certiorari* sobre órdenes y resoluciones dictadas por los Tribunales de Primera Instancia. La Regla lee como sigue:

> El recurso de Certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de Certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[67]
>
> [. . .].[68]

Por su parte, la Regla 52.2 (b) dispone sobre los términos y efectos de la presentación de un recurso de *Certiorari* que:

> Los recursos de *certiorari* al Tribunal de Apelaciones para revisar resoluciones u órdenes del Tribunal de Primera Instancia o al Tribunal Supremo para revisar las demás sentencias o resoluciones finales del Tribunal de Apelaciones en recursos discrecionales o para revisar cualquier resolución interlocutoria del Tribunal de Apelaciones deberán presentarse dentro del término de treinta (30) días contados desde la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando medien

---

[65] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).
[66] 32 LPRA Ap. V, R. 52.1.
[67] *Íd.*
[68] *Íd.*

circunstancias especiales debidamente sustentadas en la solicitud de *certiorari.*

[. . .].[69]

Establecido lo anterior, precisa señalar que el recurso de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[70] A diferencia del recurso de apelación, el auto de *certiorari* es de carácter discrecional.[71] La discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[72] A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna".[73]

Por otra parte, la Regla 40 del Reglamento del Tribunal de Apelaciones esgrime que el Tribunal deberá considerar los siguientes criterios para expedir un auto de *Certiorari:*

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. [74]

---

[69] 32 LPRA Ap. V, R. 52.1.
[70] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).
[71] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).
[72] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).
[73] *SLG Zapata-Rivera v. J.F. Montalvo,* supra, 435.
[74] Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.

Precisa reseñar, además, que el Tribunal Supremo de Puerto ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[75] De otra parte, advertimos que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen cuya revisión se solicitó, como tampoco constituye una adjudicación en sus méritos. Meramente, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia.[76]

### III

En el presente recurso, mediante sus dos (2) señalamientos de error, la parte peticionaria esencialmente plantea que el tribunal *a quo* incidió al no desestimar la demanda enmendada y la demanda contra coparte. Esto, puesto a que arguye que no fue emplazado conforme a derecho, por lo que hay falta de jurisdicción sobre su persona.

Según expusimos en nuestra exposición doctrinal previa, el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[77] A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección. Ahora bien, esta Regla no opera en el vacío, tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[78]

---

[75] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[76] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008).
[77] *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[78] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.

Tras evaluar minuciosamente el recurso presentado por la parte peticionaria, y luego de una revisión de la totalidad del expediente ante nos, es nuestra apreciación que no se configuran ninguna de las instancias que justificaría la expedición del auto de *certiorari* al amparo de Regla 52.1 de Procedimiento Civil,[79] ni tampoco en virtud de la Regla 40 del Reglamento del Tribunal de Apelaciones.[80] Los señalamientos de error y los fundamentos aducidos en la petición presentada no logran activar nuestra función discrecional en el caso de autos. Por otro lado, entendemos que el dictamen recurrido no es patentemente erróneo, y encuentra cómodo resguardo en la sana discreción de la primera instancia judicial. Además, razonamos que la parte peticionaria no nos ha persuadido de que, al aplicar la norma de abstención apelativa, conforme al asunto planteado, constituirá un rotundo fracaso de la justicia.

Por todo lo antes mencionado, no atisbamos razón que amerite paralizar los procedimientos ante el tribunal de instancia y tampoco para intervenir con la determinación recurrida.

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari.* Asimismo, declaramos *No Ha Lugar* la moción en la cual se solicitó la paralización de los procedimientos ante el foro de instancia.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[79] 32 LPRA Ap. V, R. 52.1.
[80] 4 LPRA Ap. XXII-B, R.40.